UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID VANDERLEEST,

    Plaintiff,

v.                                                      Case No. 13-C-1432

CITY OF GREEN BAY,

    Defendant.

**ORDER**

    David VanderLeest, *pro se*, filed a document he styled "Motion to Quash Warrant, Demand for Jury Trial, Claim for Constitution Violations: 42USC1983 And Defendant's Combined Affidavit Nunc Pro Tunc. By Writ of Mandamus." In this document the Plaintiff describes what he views as various constitutional violations committed by City of Green Bay officials in connection with the issuance of fines and citations regarding a rental property Plaintiff owns.

    Plaintiff has moved for leave to proceed *in forma pauperis*. My review of the application suggests Plaintiff is unable to pay the statutory filing fee. That fee will therefore be waived. Under 28 U.S.C. § 1915(e)(2), I maintain a duty to screen complaints filed *in forma pauperis* to determine whether they state claims upon which relief may be granted. My screening of the present complaint will result in its dismissal.

**I. Mandamus**

    The caption of the complaint uses the term "mandamus," and parts of the complaint at least suggest that the Plaintiff wants this Court to order various state or local officials to act in certain

ways. Mandamus is not proper. Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Here there are no allegations that any federal official did anything or owed a duty to the plaintiff. Instead, Plaintiff's complaints are about local officials. *See Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir.1988) (a federal court has no jurisdiction to issue a writ of mandamus directed to a state-court trial judge because "[t]he federal courts have no general power to compel action by state officials[.]")

**II. Jury Trial and Jurisdiction**

Reading the complaint liberally, Plaintiff brings a number of claims that could be construed as claims brought under § 1983. First, he alleges due process violations stemming from the fact that he was denied a jury trial during a municipal hearing on his housing ordinance violations. Plaintiff notes that the Seventh Amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. CONST. amend. VII. But this was not a "suit at common law" (it was an ordinance enforcement proceeding) and in any event the Seventh Amendment is not applicable to the states. *See Minneapolis & St. L.R.R. v. Bombolis*, 241 U.S. 211, 216-17 (1916); *Jackson Water Works, Inc. v. Public Utils. Comm'n*, 793 F.2d 1090, 1096 (9th Cir.1986). And, as the state courts have recognized, "[o]rdinance and forfeiture proceedings are civil actions, and it is well recognized that persons charged with violating municipal ordinances do not have a constitutional right to a jury trial." *Village of Oregon v. Waldofsky,* 177 Wis.2d 412, 420, 501 N.W.2d 912, 915 (Wis. Ct. App. 1993). In some cases individuals charged with ordinance violations might have a right to a jury trial based on state statutes, but that is not something enforceable in federal court.

Plaintiff also states that the municipal judge himself recognized that he lacked jurisdiction over portions of the Plaintiff's case. This does not appear to be true; but in any event that is a matter for appeal through the state system rather than a basis for any independent right cognizable in a federal § 1983 case.

**III. Excessive Fines**

The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. Plaintiff argues that two $681 tickets issued on April 12, 2013 violate the Excessive Fines clause because they are wholly disproportional to the offenses, which he says cost a mere $15 to fix. The Supreme Court of the United States has adopted a "gross disproportionality" test to determine whether a fine is "excessive" for purposes of the Excessive Fines Clause. *United States v. Bajakajian,* 524 U.S. 321 (1998). The proportionality does not relate to the cost of a repair, however—it relates to the gravity of the offense. Presumably there are many regulations involving public safety that do not cost much to comply with, but their violation can nevertheless be serious because tenant safety is implicated. Here, I am unable to conclude that $681 for an offense is excessive. Plaintiff merely argues that he is not rich and that it is difficult to pay the fines, but that is not a constitutional argument because the "the 'touchstone' is the value of the fine in relation to the particular offense, not the defendant's means." *United States v. Emerson,* 107 F.3d 77, 80–81 (1st Cir. 1997). Moreover, as already noted, the proportionality analysis is based on the seriousness of the offense, not the cost of remedy. Here, there is no basis to conclude that the fines imposed were excessive. *Towers v. City of Chicago,* 173 F.3d 619, 626 (7th Cir. 1999) ("The $500 fine imposed in this case is large enough to function as

3

a deterrent, but it is not so large as to be grossly out of proportion to the activity that the City is seeking to deter.")

## IV. Search

Finally, the complaint alleges that a Green Bay official named Kathleen Stadtheer appeared at Plaintiff's property without a warrant on several occasions. Each time, Plaintiff confronted her and she agreed to leave. Finally, on December 6, 2011, she returned with a warrant and two Green Bay police officers. Plaintiff asked her what grounds she had for obtaining a warrant, and she responded that she was aware of housing problems from her last visit. (Compl. at 13.) From this exchange, Plaintiff argues that "for all I know they entered my home when I was out, searching for anything they could use against me." (*Id.*) But Plaintiff never alleges that any city officials actually conducted a warrantless search of his home. Apart from his speculation, all he alleges is that a city official visited his property several times and then left the premises when asked. This does not state a claim for an unconstitutional search.

## V. Conclusion

For the reasons given above, the complaint is **DISMISSED**.

**SO ORDERED** this   8th   day of January, 2014.

s/ William C. Griesbach<br>
William C. Griesbach, Chief Judge<br>
United States District Court